1
2
3
4
5
6

**IN THE UNITED STATES DISTRICT COURT**

7

**FOR THE DISTRICT OF ARIZONA**

8

9  Shea Homes Incorporated, *et al.*,

No. CV-25-03884-PHX-JJT

10          Plaintiffs,

**ORDER**

11  v.

12  James Crouch, *et al.*,

13          Defendants.

14

15    Under Local Rule of Civil Procedure (LRCiv) 16.2 providing for differentiated case

16  management, this action, commenced on October 17, 2025, is currently designated a

17  standard track case for the purpose of setting a Pretrial Scheduling Conference.

18  Accordingly,

19    **IT IS ORDERED** that, pursuant to Rule 16 of the Federal Rules of Civil Procedure

20  (Fed. R. Civ. P.), a telephonic Pretrial Scheduling Conference[1] is set for **January 6, 2026,**

21  **at 11:00 AM** (Arizona time), Courtroom #505, Fifth Floor, Sandra Day O'Connor U.S.

22  Courthouse, 401 W. Washington Street, Phoenix, Arizona. Counsel—which includes self-

23  represented parties—are directed to Fed. R. Civ. P. 16 for the objectives of this conference.

24  **COUNSEL WHO WILL BE RESPONSIBLE FOR TRIAL OF THE LAWSUIT FOR**

25  **EACH PARTY SHALL PARTICIPATE IN THE PRETRIAL SCHEDULING**

26

27

28

---

[1] Scheduling hearings, as well as most uncontested civil hearing before Judge Tuchi, are being held telephonically. Counsel or self-represented parties have the option to appear in person. Chambers will e-mail counsel or self-represented parties call-in information prior to the hearing, at which time they can inform the Court via reply e-mail if they will appear in person or telephonically.

**CONFERENCE.** At least one of the attorneys for each party attending the conference shall have authority to enter into stipulations and make admissions regarding all matters that may be discussed.

**IT IS FURTHER ORDERED** that all parties are directed to meet at least 21 days before the Pretrial Scheduling Conference, in accordance with Fed. R. Civ. P. 26(f), to discuss each of the following matters:

1.      The possibility of consent to trial before a United States Magistrate Judge pursuant to 28 U.S.C. § 636(c), or the use of any alternative dispute resolution mechanism, or the referral of this matter to a special master;

2.      Any matters relating to jurisdiction, venue, or joinder of additional parties;

3.      The nature and bases of their claims and defenses and the possibilities for prompt settlement or resolution of the case;

4.      A schedule of all pretrial proceedings, including any evidentiary hearings pursuant to Rule 702 of the Federal Rules of Evidence (Fed. R. Evid.);

5.      Whether any party desires a settlement conference before a judicial officer;

6.      Initial disclosures under Fed. R. Civ. P. 26(a);

7.      The subjects on which discovery may be needed, when discovery should be completed, and whether discovery should be conducted in phases or be limited to or focused upon particular issues; and

8.      Any other matters that counsel believe will help resolve the case in an efficient and economical manner.

**IT IS FURTHER ORDERED** that, at the Fed. R. Civ. P. 26(f) Case Management Meeting, the parties shall develop a **JOINT PROPOSED CASE MANAGEMENT PLAN**. This plan shall include individually numbered brief statements concerning:

1.      The nature of the case, setting forth in _brief_ statements (no more than one page per side) the factual and legal basis of Plaintiff's claims and Defendant's defenses;

2.      A list of the elements of proof necessary for _each_ count of the Complaint and each affirmative defense. Where the burden of proof shifts, each party shall list the

elements of proof that party must satisfy to prevail. The list of elements of proof must contain citations to relevant legal authority, *(i.e.*, United States statutory or administrative law, United States Supreme Court case law, Ninth Circuit Court of Appeals case law, Arizona case law or statutory law, or other authority as required by choice of law rules);

3.    The factual and legal issues genuinely in dispute (no more than one page per side), and whether they can be narrowed by stipulation or motion;

4.    The jurisdictional basis of the case, citing specific statutes. If jurisdiction is based on diversity of citizenship, a statement of the citizenship of every party and a description of the amount in dispute shall be included. *See* 28 U.S.C. § 1332. The parties are reminded that (1) a corporation is a citizen of the state where it is incorporated and the state of its principal place of business, and (2) partnerships and limited liability companies are citizens of every state in which their partners or members are citizens. *See* 28 U.S.C. § 1332(c); *Johnson v. Columbia Props. Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006); *Indus. Tectonics, Inc. v. Aero Alloy*, 912 F.2d 1090, 1092 (9th Cir. 1990). The parties are further reminded that the use of fictitious parties ("John Doe" or "ABC Corporation") "casts no magical spell on a complaint otherwise lacking in diversity jurisdiction." *Fifty Assocs. v. Prudential Ins. Co. of Am.*, 446 F.2d 1187, 1191 (9th Cir. 1970);

5.    Parties, if any, that have not been served, as well as parties that have not filed an Answer or otherwise appeared, including fictitious parties. Unless counsel can otherwise show cause, they shall submit with the Proposed Case Management Plan a proposed Order dismissing any party that has not been served, including fictitious parties, and a motion for the entry of default against any non-appearing party if the time for answering or otherwise appearing has expired. If a party has been served but not appeared, Plaintiff(s) or Counterclaimant(s) shall provide a copy of this Order to that party;

6.    The names of parties not subject to the Court's jurisdiction;

7.    Whether there are dispositive or partially dispositive issues to be decided by pretrial motions, and the legal issues about which any pretrial motions are contemplated;

8.    Whether the case is suitable for reference to a United States Magistrate Judge or a special master;

9.    The status of related cases pending before other judges of this Court or before other courts;

10.    A description of the parties' discussions of initial disclosures under Fed. R. Civ. P. 26(a);

11.    Proposed deadlines (month/day/year)[2] for:

(a)    filing motions to amend the Complaint or to join additional parties;

(b)    if a patent case, exchange of patent claim constructions and filing of claim construction opening brief, response, and reply;

(c)    completion of all fact discovery;

(d)    disclosure of expert testimony by all parties under Fed. R. Civ. P. 26(a)(2);

(e)    disclosure of rebuttal expert testimony by all parties;

(f)    disclosure of all witnesses, exhibits and other matters under Fed. R. Civ. P. 26(a)(3);

(g)    closure of all discovery;

(h)    completing good faith discussions of settlement; and

(i)    filing dispositive motions, **including *Daubert* motions**;[3]

12.    The scope of discovery, including any suggested changes in the limitations on discovery imposed by the Federal Rules of Civil Procedure, and whether discovery should be conducted in phases or should be limited to or focused upon particular issues. For example, where dispositive motions will be filed (*e.g.,* motions for summary judgment on a statute of limitations defense), counsel should consider limiting discovery to the issue at hand until the Court has ruled on the motion;

13.    Estimated length of trial, and any suggestions for shortening the trial;

---

[2] The Court prefers to set deadlines for Fridays.
[3] Evidentiary motions made under *Daubert v. Merrell Dow Pharm., Inc.*, 509 U.S. 579 (1993).

14.     Whether a jury trial has been requested and whether the request for a jury trial is contested. If the request for a jury trial is contested, the Proposed Case Management Plan shall set forth the reasons that a trial by jury is in dispute;

15.     The prospects for settlement, including any request to have a settlement conference before another United States District Judge or a Magistrate Judge, or any other request of the Court for assistance in settlement efforts;

16.     In class actions, the proposed dates for class certification proceedings and other class management issues. Such certification will result in the case being reassigned to the complex track for case management purposes (*see* LRCiv 16.2);

17.     Whether any unusual, difficult, or complex problems or issues exist that require this case to be placed on the complex track for case management purposes (*see* LRCiv 16.2); and

18.     Any other matters that counsel believe will aid the Court in resolving this case in a just, speedy, and inexpensive manner.

**IT IS FURTHER ORDERED** that counsel shall **jointly file** their Proposed Case Management Plan (e-file the Plan using the Other Documents category and use the drop-down event Report re: Rule 26(f) Planning Meeting) **not less than SEVEN (7) DAYS** before the Pretrial Scheduling Conference. No extensions of time will be granted.

**IT IS FURTHER ORDERED** that it is the responsibility of counsel for Plaintiff(s) to initiate the communications necessary to prepare the Joint Proposed Case Management Plan. Once contacted by counsel for Plaintiff(s), counsel for Defendant(s) shall act in an expeditious manner to effect the preparation of the Proposed Case Management Plan.

**IT IS FURTHER ORDERED** that counsel for all parties are expected to comply with Fed. R. Civ. P. 26 and to minimize the expense of discovery.

**IT IS FURTHER ORDERED** that counsel must be prepared to discuss what the parties must prove in order to prevail on their respective claims or defenses at the time of the Pretrial Scheduling Conference and to discuss logistical matters.

**IT IS FURTHER ORDERED** that the Court, after consultation with counsel and the parties, will enter a Rule 16 Scheduling Order concerning, *inter alia*, discovery and dispositive motion cutoffs. To the extent that the Court's Rule 16 Scheduling Order differs from the parties' Joint Proposed Case Management Plan, the provisions of the Court's Order shall supersede the Proposed Case Management Plan and shall control the course of this action unless modified by subsequent Order of the Court. The parties and their counsel are all cautioned that the deadlines set in the Rule 16 Scheduling Order shall be strictly enforced.

**IT IS FURTHER ORDERED** that the parties must comply with the requirements of the Civil Rules of Practice of the United States District Court for the District of Arizona (the "Local Rules"), including LRCiv 7.1 and LRCiv 7.2 pertaining to filing pleadings and motions, as well as the Administrative Policies and Procedures Manual—all of which can be found on the Court's website, www.azd.uscourts.gov. Counsel shall, as applicable, review these requirements with their administrative/support personnel to ensure that all filings are in compliance with these Rules.

**IT IS FURTHER ORDERED** that this Court views the Pretrial Scheduling Conference as critical to its case management responsibilities and the responsibilities of the parties under Fed. R. Civ. P. 1. **FAILURE TO COMPLY WITH EVERY PROVISION OF THIS ORDER MAY LEAD TO SANCTIONS PURSUANT TO FED. R. CIV. P. 16(f).**

Dated this 13th day of November, 2025.

Honorable John J. Tuchi
United States District Judge