**WO**

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Shea Homes Incorporated, *et al.*, | No. CV-25-03884-PHX-JJT |
| Plaintiffs, | **ORDER** |
| v. | |
| James Crouch, *et al.*, | |
| Defendants. | |

At issue is Plaintiffs' Motion to Dismiss Counterclaims (Doc. 18, Mot.), to which Defendants filed a Response (Doc. 20, Resp.) and Plaintiffs filed a Reply (Doc. 21, Reply). For the reasons set forth below, the Court grants Plaintiffs' Motion.

## I.    BACKGROUND

In the Complaint (Doc. 1, Compl.), Plaintiffs allege the following. Plaintiffs have a national real estate business to develop, manage, build, and sell resort lifestyle residential communities and related services, primarily to those age 55 and older. (Compl. ¶ 12.) Plaintiffs use the Trilogy® brand, which is "consistently and nationally recognized for trust, lifestyle quality, and community innovation." (Compl. ¶ 13.) Plaintiffs allege that Defendants, who are homeowners in the Wickenburg Ranch (WR) community in Arizona, made false and defamatory statements between 2024 and 2025 to the effect that WR is not a Trilogy® community. (Compl. ¶¶ 26–29.) Defendants persisted in making these statements even after demands to stop, including a cease-and-desist letter sent in September 2025. (Compl. ¶ 31.) As a result, Plaintiffs filed the Complaint on October 17, 2025, raising

1  four claims: defamation, defamation per se, trade libel / business disparagement / injurious

2  falsehood, and tortious interference with business expectancy. (Compl. ¶¶ 40–67.)

3          On November 24, 2025, Defendants, who appear *pro se* in this matter, filed an

4  Amended Answer that includes four counterclaims. (Doc. 17, Am. Ans.) In Count 1,

5  Defendants seek a declaratory judgment that no community-wide Trilogy® license exists.

6  (Am. Ans. at 9–10.) In Count 2, Defendants seek a declaratory judgment that Plaintiffs are

7  not the developers of the WR community. (Am. Ans. at 10.) In Count 3, Defendants claim

8  that Plaintiffs' commencement of the current litigation is an abuse of process used to deter

9  Defendants' efforts to "seek governmental review of WR governance and required

10  disclosures." (Am. Ans. at 11.) And in Count 4, Defendants allege that Plaintiffs published

11  defamatory statements regarding Defendants' character that caused reputational and

12  emotional harm. (Am. Ans. at 12.) Plaintiffs now seek dismissal of Defendants'

13  counterclaims with prejudice. (Mot. at 1.)

14  **II.    LEGAL STANDARD**

15          Federal Rule of Civil Procedure 12(b)(6) is designed to "test[] the legal sufficiency

16  of a claim." *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). A dismissal under Rule

17  12(b)(6) for failure to state a claim can be based on either: (1) the lack of a cognizable legal

18  theory; or (2) the absence of sufficient factual allegations to support a cognizable legal

19  theory. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990). When

20  analyzing a complaint for failure to state a claim, the well-pled factual allegations are taken

21  as true and construed in the light most favorable to the nonmoving party. *Cousins v.

22  Lockyer*, 568 F.3d 1063, 1067 (9th Cir. 2009). A plaintiff must allege "enough facts to state

23  a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570

24  (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows

25  the court to draw the reasonable inference that the defendant is liable for the misconduct

26  alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556).

27  "The plausibility standard is not akin to a 'probability requirement,' but it asks for more

28  than a sheer possibility that a defendant has acted unlawfully." *Id.*

"While a complaint attacked by a Rule 12(b)(6) motion does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (cleaned up and citations omitted). Legal conclusions couched as factual allegations are not entitled to the assumption of truth and therefore are insufficient to defeat a motion to dismiss for failure to state a claim. *Iqbal*, 556 U.S. at 679–80. However, "a well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of those facts is improbable, and that 'recovery is very remote and unlikely.'" *Twombly*, 550 U.S. at 556 (quoting *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974)).

## III.    ANALYSIS

Plaintiffs argue Counts 1 and 2 should be dismissed because Defendants improperly attempt to create an independent cause of action in those claims and they lack standing to challenge the existence of a community-wide Trilogy® trademark license. (Mot. at 4.) Plaintiffs argue Count 3 should be dismissed because Defendants fail to allege improper use of a court-issued process. (Mot. at 5.) Finally, Plaintiffs argue Count 4 should be dismissed because Defendants base their defamation claim solely on privileged communications. (Mot. at 6.) The Court now addresses these arguments in turn.

### A.    Counts 1 and 2

Under Count 1, Defendants seek a declaratory judgment that no community-wide Trilogy® license exists. (Am. Ans. at 9.) In Count 2, Defendants seek a declaratory judgment that Plaintiffs are not the developers of the WR community. (Am. Ans. at 10.) A party fails to state a claim when it fails to allege a valid legal theory. *Twombly*, 550 U.S. at 555. A valid legal theory requires the party to identify a substantive right and provide grounds of entitlement to relief. *Balistreri*, 901 F.2d at 699; *Siino v. Foresters Life Ins. & Annuity Co.*, 133 F.4th 936, 945 (9th Cir. 2025). Here, with regard to Defendants' first two counterclaims, unless a special exception exists, non-signatories to a contract do not have

standing to adjudicate the related contractual rights. *Henderson v. Moskowitz*, 579 P.3d 869, 873 (Ariz. 2025).

Plaintiffs argue, and the Court agrees, that neither Counts 1 nor 2 raise a cognizable legal theory, thus subjecting Defendants' counterclaims to dismissal. Although not explicitly stated in the Amended Answer, it appears Defendants seek a declaratory judgment on the non-existence of a community-wide Trilogy® license to uproot the defamation claims Plaintiffs raise in the Complaint. (Am. Ans. at 9–10.) In other words, to challenge Plaintiffs' defamation claims, Defendants challenge the existence of the trademark license for the Trilogy® brand.

But Defendants fail to identify any related substantive rights belonging to them. The existence of a community-wide license, like other contractual rights, can only be litigated by the parties to the contract. Defendants do not allege they are a party to any Trilogy® licensing agreement, past or present, nor do they allege facts to show they are intended third party beneficiaries to such a licensing agreement. Accordingly, Defendants do not have standing to litigate Trilogy® trademark licensing held by Plaintiffs.

With respect to Count 2, Defendants' claim that Plaintiffs are not the developer—presumedly of the WR community as a whole—also improperly attempts to adjudicate the existence of or rights under a licensing or related agreement to which Defendants are not a party. Because Defendants are not entitled to relief regarding the adjudication of a Trilogy® trademark license or any other applicable agreement, they lack the cognizable legal theory required to seek a declaratory judgment in Counts 1 or 2. Because the Court does not find Defendants can cure the defects in these claims by amendment, the Court will dismiss Counts 1 and 2 without leave to amend. *Lopez v. Smith*, 203 F.3d 1122, 1127–30 (9th Cir. 2000).

### B.    Count 3

Under Count 3, Defendants claim that Plaintiffs' initiation of the current proceeding constitutes an abuse of process. (Am. Ans. at 11.) An abuse of process claim is established by showing two essential elements: "(1) a willful act in the use of judicial process; (2) for

- 4 -

an ulterior purpose not proper in the regular conduct of the proceedings." *Nienstedt v. Wetzel*, 651 P.2d 876, 881 (Ariz. Ct. App. 1982). A judicial process is defined as an action authorized or sanctioned by a court. *Fappani v. Bratton*, 407 P.3d 78, 81–82 (Ariz. Ct. App. 2017); *Rondelli v. Pima County*, 586 P.2d 1295, 1301 (Ariz. Ct. App. 1978). Mere initiation of a lawsuit does not constitute an abuse of process. *Joseph v. Markovitz*, 551 P.2d 571, 575 (Ariz. Ct. App. 1976). Filing a lawsuit is a regular use of process and not an abusive act by itself regardless of any alleged ulterior motive for commencement. *Fappani* 407 P.3d at 84; *see also Simon v. Navon*, 71 F.3d 9, 16 (1st Cir. 1995) (collecting cases form various states and stating, "Filing of a lawsuit is a 'regular' use of process, and therefore may not on its own fulfill the requirement of an abusive act, even if the decision to sue was motivated by a wrongful motive, purpose, or intent." (citations omitted)).

Defendants allege that Plaintiffs initiated the current litigation to stymie Defendants' efforts to seek government intervention regarding the administration of WR. (Am. Ans. at 11.) Defendants do not point to any action other than the filing of the Complaint as the basis for their abuse of process counterclaim. The abuse of process counterclaim thus falls short on the first prong of the test dictated in *Nienstedt*, 651 P.2d at 881. Claims for abuse of process are reserved for judicial processes that take place in the course of a judicial proceeding, not for challenging potential reasons for initiating a lawsuit. Therefore, Defendants fail to state an abuse of process claim.

Moreover, Defendants' counterclaim also fails the second prong of the test dictated in *Nienstedt*, 651 P.2d at 881. Specifically, Defendants' allegations do not raise the plausible inference that Plaintiffs' initiation of this lawsuit was for an ulterior purpose not associated with the regular conduct of the filing of a lawsuit. On the contrary, Plaintiffs have made specific allegations in the Complaint that regularly give rise to litigation, including the defamation claims alleged therein. As the *Simon* court observed, the filing of a lawsuit is a regular use of process despite any alleged wrongful motives for commencing the lawsuit. 71 F.3d at 16. Accordingly, the Court will dismiss Count 3, and because the

1    Court finds Defendants cannot cure the defects in this counterclaim, Defendants may not

2    amend this counterclaim. *See Lopez*, 203 F.3d at 1127–30.

3         **C.    Count 4**

4         Lastly, in Count 4, Defendants allege that Plaintiffs have "published" statements

5    defaming Defendants' character. (Am. Ans. at 12.) In Arizona, the absolute litigation

6    privilege bars claims that stem wholly from statements made in connection with judicial

7    proceedings. *Green Acres Tr. v. London*, 688 P.2d 617, 623 (Ariz. 1984). Arizona provides

8    absolute privilege for a party to publish allegedly false and defamatory material within

9    pleadings if the material is relevant to the issues of the litigation and not "completely

10   frivolous." *Sierra Madre Dev. v. Via Entrada Townhouses Ass'n*, 514 P.2d 503, 506–07

11   (Ariz. Ct. App. 1973).

12        In the counterclaim, Defendants do not point to any specific source of defamatory

13   material to support their claim. (Am. Ans. at 12.) That is, Defendants have made no

14   reference, including in the exhibits to the Amended Answer, to any document or statement

15   allegedly containing defamatory material. Defendants' sole reference to defamatory

16   material is their allegation that their honesty, motives, and character have been attacked

17   through false statements published by Plaintiffs. (Am. Ans. at 12.) The Court must

18   therefore conclude that Defendants allege that Plaintiffs have defamed them only by way

19   of the Complaint.

20        Plaintiffs argue, and the Court agrees, that the statements contained in the Complaint

21   are privileged and may not constitute the basis for a defamation claim. While a question

22   whether the privilege applies may arise when an irrelevant or an out-of-court statement is

23   made in connection with a judicial proceeding, Defendants' counterclaim does not

24   implicate that question. The statements contained in the Complaint were made for the

25   purpose of bringing this litigation and are not "completely frivolous." *See Sierra Madre

26   Dev.* 514 P.2d at 506–07. Therefore, Plaintiffs' statements in the Complaint are absolutely

27   privileged, thus barring a defamation claim based thereon. Accordingly, the Court will

28

dismiss Count 4, and because the Court finds Defendants cannot cure the defects, Defendants may not amend the counterclaim. *See Lopez*, 203 F.3d at 1127–30.

**IT IS THEREFORE ORDERED** granting Plaintiffs' Motion to Dismiss Counterclaims (Doc. 18) and dismissing Defendants' counterclaims (Doc. 17) without leave to amend.

Dated this 23rd day of February, 2026.

Honorable John J. Tuchi
United States District Judge